[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
On June 16, 1995, the plaintiff, Yazoo Manufacturing Company, made an application for a prejudgment remedy pursuant to General Statutes § 52-278c et seq. on the basis of a judgment rendered against the defendants, William Ellis and Barbara Jean Ellis d/b/a Bethel Power Equipment, by the County Court of the First Judicial District of Hinds County, Mississippi. The plaintiff seeks to attach property owned by the defendants in the Town of Bethel, Connecticut. At a hearing before this court on July 17, 1995, the plaintiff introduced into evidence certified copies of the Mississippi pleadings and judgment.
The defendants have opposed the application, arguing that the plaintiff has not shown probable cause that it will succeed in this action because the Mississippi judgment was rendered due to the defendants' default in that jurisdiction. The defendants argue that the Mississippi court lacked jurisdiction over them and that they "fully intend to attack" the validity of the Mississippi judgment. Thus, the defendants assert that the plaintiff has not met its burden of showing probable cause that a judgment will be rendered in its favor in this action. The plaintiff argues that it has made a sufficient showing to enable this court to grant its application for attachment of the defendants' real property in Connecticut. The plaintiff contends that the Mississippi judgment constitutes a prima facie showing of probable cause to believe that a judgment will be rendered in its favor, and thus, its application for the prejudgment remedy of attachment should be granted.
A plaintiff seeking to obtain a prejudgment remedy must submit an affidavit which sets forth facts "sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff." General Statutes § 52-278c(a)(2). The trial court must then determine if probable cause exists. General Statutes § 52-278d.
"The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Calfee v.CT Page 12912Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). "The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Emphasis in original.)New England Land Co. Ltd. v. DeMarkey, 213 Conn. 612, 620,569 A.2d 1098 (1990).
Although the defendants state that they "fully intend to attack" the Mississippi judgment, such a statement, standing alone, is not sufficient to defeat a showing of probable cause that the plaintiff will obtain a judgment in his favor, as required by § 52-278c. The defendants argue that because the Mississippi judgment was rendered as a result of their default in that action, the plaintiff cannot seek enforcement of the judgment in Connecticut based upon the Uniform Enforcement of Foreign Judgment Act, General Statutes § 52-604 et. seq. While it may be true that the plaintiff cannot proceed under the Foreign Judgment Act, the plaintiff still has a remedy under the common law to enforce the Mississippi judgment. See SeaboardSurety Co. v. Waterbury, 38 Conn. Sup. 468, 470, 451 A.2d 291
(1982) (recognizing that General Statutes § 52-607 preserves the common law right to proceed on a foreign judgment unimpaired by the provisions of the Foreign Judgment Act).
The defendants have presented no other evidence or defense suggesting that the Mississippi judgment is unenforceable in Connecticut other than their statement that the court lacked jurisdiction to enter a default judgment against them. As such, they have failed to rebut the plaintiff's showing of probable cause that plaintiff will succeed on the merit of the claim. SeeBank of New York v. Cocozza, Superior Court, Judicial District of Danbury at Danbury, Docket No. 306917 (October 22, 1991) (Fuller, J.) (granting prejudgment remedy of attachment where plaintiff had obtained a New York judgment against the defendants, and the only defense the defendants had offered was that plaintiff was unable to proceed against them under the Uniform Enforcement of Foreign Judgments Act). Thus, the plaintiff's application for the prejudgment remedy of attachment is granted in the amount of $45,000.